*186 OPINION of the Court, by
Judge Clark.
This was an action of debt, brought for the use of John Gwathney, in the Shelby circuit, against William Johnston, sheriff of Shelby county, and his securities. The plaintiff in the court below obtained a judgment against t{,e defendants for ten thousand pounds, the penalty of Aebond, to be discharged by the payment of four hundred and eighteen dollars, the damages assessed by tjje ;ury. The defendants in the court below prosecute , - *’ J • *«18 appeal,
1st. Becftisetfae bond upon which this suit was brought was executed by Johnston, as sheriff of Shelby county, i a ihe penalty of ten thousand pounds, with the other defendants as his securities, for the faithful discharge of ^ut*es as sheriff, when, by law, the bond ought not to have been taken in so large a penalty.
*187 Without deciding whether the bond ⅛ this case is good as a statutory bond or not, to the amount of the penalty required by law, we have no hesitation in believing that a suit may be maintained on it at common law. . There is nothing contained in the several acts regulating the duties of sheriffs that prohibits, his executing bonds for the faithful discharge of his-duties ; either to those for whom he is about to transact business, or to an individual for the benefit of any one injured by a neglect of his duty. Indeed reason and justice require that such bonds should be enforced.
2dly. “ The plaintiff misconceived his remedy: ⅝ should have been by motion, or special action on the case.” The breach alleged in the declaration is in failing to make return, according to law, of a venditioni, exponas, in. the name and for the use of John Gwathney, assignee, &c. against William Jones and Charles Lynch, for the sum of £. 531 3 10, to be discharged by £, 260 it 1,1, with, interest, &c. It is true the cre-might have resorted to either of the modes suggested ; but as the act contains no negative words, he had his election to pursue the statutory made or resort to his common law remedy on the bond.
3d. That on the trial of the cause, the court instructed the jury the plaintiff had a right to recover, in damages, the amount due on the execution. If a sheriff suffers goods seized in execution (which he has returned to be of such a value) to be rescued out of his hands, or fails to sell according to law, he is only answerable to the value of the goods so seized — 2 Saund. 344, note 3, and the cases there cited. The sheriff, by his mis-behaviour in this case, has made himself liable to the creditor for the injury he has really sustained by a failure to return the execution. The value of the property* which ought to have been sold under the venditioni eh:-fonas was the proper measure ©f that injury.
Judgment reversed, k.c.